On Rehearing.
 

 HIGGINS, Justice.
 

 The jury found the defendant guilty of murder, without capital punishment, and the judge sentenced him to life imprisonment. He appealed and by a divided Court of four to three, we affirmed the judgment of the lower court. Upon the defendant’s application, a rehearing was granted, limited to Bill of Exception No. 1.
 

 The State filed a motion to dismiss the appeal on the ground that the defendant had acquiesced in the verdict, and the sentence by freely and voluntarily executing the judgment in going to the State Penitentiary to begin serving his term. This motion is supported by affidavits.
 

 The defendant filed an opposition thereto and under oath declared that he was taken to the State Penitentiary as a result of a misunderstanding, being of the opinion that by going there, his right to apply for a rehearing would not be affected in any way.
 

 Ordinarily, in a situation like this, it might be necessary to remand the case to the district court for the purpose of having testimony taken with reference to the issue, but conceding, without deciding the point, that the accused did not in legal contemplation voluntarily start to serve his sentence and thereby waive and abandon his appeal by acquiescing in the judgment of the lower court, a view most favorable to him, we shall proceed to consider the questions now before us on the rehearing.
 

 Bill of Exception No. 1, which involves the correct interpretation of Articles 353 and 557 of the Code of Criminal Procedure, resulted from the trial court’s erroneous ruling in refusing to sustain the defendant’s challenge for cause. The record shows that subsequently the defendant-had exhausted all twelve of his peremptory challenges. The defendant contends that under Article 353 of the Code of Criminal
 
 *526
 
 Procedure, it is only necessary for him to show, in order to obtain a new trial, that the trial judge committed error in overruling his challenge for cause, and that he subsequently exhausted all of his peremptory challenges before the completion of the jury panel, injury and prejudice being presumed. The State argues that under Article 353, it was necessary for the defendant to show, as a result of. the trial court’s erroneous ruling and the exhaustion of his peremptory challenges, he was compelled to accept an obnoxious juror, who sat in the trial of the case, before he can have the verdict and sentence annulled and be granted a new trial.
 

 In our original opinion, four members of the Court concluded that the State’s contention was correct and 'the other three adopted the defendant’s views, as stated in the dissenting opinion. At this time, two of the four majority members (ROGERS and McCALEB) entertain doubt as to the correct interpretation of Article 353 of the Code of Criminal Procedure, while the other two adhere to the views expressed in the original opinion and the dissenting opinion from granting the rehearing. However, every one of these four justices is still of the opinion that the provisions of Article 557 of the Code of Criminal Procedure were properly construed therein. Briefly, after the defendant exhausted his peremptory challenges, it appears from the record that he voluntarily accepted the remaining jurors to "complete the jury panel, without in any way indicating or showing in' the record, in any form whatsoever, that he was dissatisfied with or' unwilling to accept any one of these jurors.- The trial judge, in his per curiam, stated that the defendant voluntarily accepted the jurors and got the kind of jury with which he was satisfied. The majority members of the Court, therefore, concluded that the defendant had failed to show that he was in any way prejudiced, harmed, or injured by the erroneous ruling of the trial court in refusing to sustain his challenge for cause. The juror who had been challenged for cause, having been peremptorily challenged by the defendant, did not take part in the case. In the absence of any showing whatsoever that any occasion arose in the trial of the case after the exhaustion of the peremptory challenges where the defendant needed a peremptory challenge or would have used it against any of the remaining jurors of the panel, it does not appear that he was prejudiced in any substantial right or that the ruling of the trial judge constituted a substantial violation of a constitutional or statutory right, as fully explained in the original opinion and in the dissenting opinion from granting a rehearing.
 

 In the cases of State of Louisiana v. Mrs. Lucille McLeod, 199 La. 372, 6 So. 2d 146, and State of Louisiana v. Vernon Augusta, 199 La. 896, 7 So.2d 177, recently decided by this Court, we' concluded that where harmless errors had been committed in the trial of the case, the defendant was not entitled to a new trial, citing Article 557 of the Code of Criminal Procedure.
 

 For the reasons assigned, it is ordered, •adjudged and decreed that in all respects,
 
 *527
 
 except as to the interpretation of Article 353 of the Code of Criminal Procedure, our original opinion and decree are reinstated and made the final judgment of this Court.
 

 ODOM and PONDER, JJ., dissenting.